# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **In the Matter of:** | } | |
| | } | |
| **HUNTER BROWN DANIEL, JR.** | } | **CASE NO. 07-83158-JAC-11** |
| SSN: XXX-XX-6794 | } | |
| **LINDA SUZANNE NANCE DANIEL** | } | |
| SSN: XXX-XX-9785 | } | |
| | } | **CHAPTER 11** |
| Debtor(s). | } | |
| | | |
| **WANDA DANIELS** | } | **AP NO. 08-80017-JAC-11** |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| **HUNTER BROWN DANIEL, JR.** | } | |
| | } | |
| Defendant(s). | } | |
| | | |
| **WANDA DANIELS** | } | **AP NO. 08-80073-JAC-11** |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| **AMERICAN INVESTORS LIFE** | } | |
| **INSURANCE COMPANY, INC.;** | } | |
| **HUNTER B. DANIEL; GENERAL** | } | |
| **AMERICAN LIFE INSURANCE CO.;** | } | |
| **SENIOR BENEFITS OF ALABAMA, LLC.;** | } | |
| **SENIOR BENEFITS SERVICES, ET AL.,** | } | |
| | } | |
| Defendant(s). | } | |

## MEMORANDUM OPINION

On May 12, 2008, this case came before the Court on motion filed by plaintiff, Wanda Daniels ("Daniels"), to abstain and remand state court action, adv. no. 08-80073-JAC-11, and to stay dischargeability proceeding, adv. no. 08-80017-JAC-11. Daniels initiated the state court action

in August of 2007 against debtor, Hunter Daniel, and other state court defendants asserting various claims for fraud, misrepresentation, suppression and deceit related to insurance policies the plaintiff purchased from Daniel. Daniels claims arise generally from the allegation that "the net result [of debtor's conduct] was to change, churn or switch, after baiting the Plaintiff, to policies annuities and investments that did not do what was represented they would do for her."

On November 21, 2007, Hunter and Linda Daniel filed for relief under Chapter 13 of the Bankruptcy Code. The case was subsequently converted to a petition for relief under Chapter 11 of the Code.

On February 5, 2008, Daniels filed a dischargeability complaint against Daniel in this Court to determine the dischargeability of the debt owed by the debtor under §§ 523(a)(2) and (4) of the Bankruptcy Code.

On April 8, 2008, state court defendants, American Investors Life Insurance Company and Senior Benefit Services of Kansas, LLC, removed the state court action, CV-07-1395, to this Court from the Circuit Court of Madison County, Alabama. On April 21, 2008, Daniels filed a motion to abstain and remand the state court action and to stay the dischargeability proceeding. Daniels contends that mandatory abstention under 28 U.S.C. § 1334(c)(2) applies or, alternatively, moves the Court to exercise its discretion and abstain under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1). Section 1334(c) provides as follows:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11

2

or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas § 1334(c)(1) allows for permissive abstention from core matters when abstention best serves the interest of justice, judicial economy, or respect for state law.[1] A bankruptcy court must abstain under § 1334(c)(2) if:

(1) a timely motion to abstain is filed;

(2) the proceeding is based upon a state law claim or state law cause of action;

(3) the proceeding is related to a case under title 11 but not arising under title 11 or arising in a case under title 11;

(4) the proceeding could not have been commenced in a court of the United States absent jurisdiction under § 1334; and

(5) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.[2]

Here the Court finds that all the requirements for mandatory abstention are satisfied: (1) the motion for abstention was timely as same was filed within thirteen days of the filing of the notice of removal; (2) the state court action is based entirely on state law claims; (3) the state court action does not constitute a core proceeding under 28 U.S.C. 157(b)(1) as same does not invoke a

---

[1] *Raven II Holdings v. W.S.F. -World Sports Fans, LLC (In re W.S.F. World Sports Fans, LLC)*, 367 B.R. 786 (Bankr. D.N.M. 2007).

[2] *Twyman v. Wedlo, Inc. (In re Wedlo, Inc.)*, 204 B.R. 1006, 1018-1019 (Bankr. N.D. Ala. 1996).

3

substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, but the success or failure of the litigation could conceivably impact the amount of assets available for distribution in debtors' Chapter 11 case; (4) there is no independent basis for federal jurisdiction other than the bankruptcy case; and (5) the prepetition state court action can be timely adjudicated by the state court, as there is no evidence indicating that there is some impediment or known cause to delay the proceedings in the state court action.[3]

Alternatively, the Court finds discretionary abstention would be appropriate under 28 U.S.C. § 1334(c)(1). Courts have considered a number of factors in determining whether discretionary abstention is appropriate:

> 1) the effect of abstention, or lack thereof, on the efficient administration of the bankruptcy estate;
>
> 2) the extent to which state law issues predominate over bankruptcy issues;
>
> 3) the difficulty or unsettled nature of the applicable law;
>
> 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
>
> 5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;
>
> 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> 7) the substance rather than form of an asserted "core" proceeding;
>
> 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> 9) the burden of the bankruptcy court's docket;
>
> 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

---

[3] *See In re Robino*, 243 B.R. 472, 492 (Bankr. N.D. Ala. 1999); *Twyman v. Wedlo, Inc. (In re Wedlo, Inc.)*, 204 B.R. 1006 (Bankr. N.D. Ala. 1996).

      11) the existence of a right to a jury trial; and

      12) the presence in the proceeding of non-debtor parties.[4]

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative."[5] Applying these factors as relevant, the Court finds that discretionary abstention is appropriate. Abstention will not hamper the efficient administration of the debtors' bankruptcy estate. Daniels seeks to stay the dischargeability proceeding until the state court action is resolved which will minimize, if not prevent, duplicative litigation as the Court finds that it is likely that the findings of the state court will resolve any issues raised in the dischargeability proceeding by collateral estoppel or issue preclusion. The Madison County action has been pending since August of 2007 and there has been no showing that this Court could resolve the issues more quickly than the court which is currently presiding over the matters involved in the state court action. The pending issues involve matters of state law and regardless of whether the matters are difficult or unsettled they are matters over which the state courts routinely rule. Questions of forum shopping were also raised in Daniels' pleadings. Additionally, several non-debtor parties are involved in the action and the plaintiff is entitled to a jury trial.

---

[4] *In re Perfect Home L.L.C.* 231 B.R. 358, 361 (Bkrtcy.N.D.Ala.,1999) (citing *Twyman v. Wedlo, Inc. (In re Wedlo, Inc.*, 204 B.R. 1006, 1018-1019 (Bankr. N.D. Ala. 1996).

[5] *Cassidy v. Wyeth-Ayerst Laboratories,* 42 F.Supp.2d 1260, 1263 (M.D. Ala. 1999)(quoting *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)).

5

The Court concludes based on these findings that abstention is also appropriate under §1334(c)(1) and that the pending dischargeability proceeding should be stayed pending resolution of the state court action.

Dated: May 13, 2008

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
      Michael Lee, attorney for debtor
      Gary Conchin, attorney for Wanda Daniels
      Joey Aiello, attorney for Wanda Daniels
      Kevin Heard, attorney for Wanda Daniels
      Kevin Gray, attorney for removing parties
      Brian Walding, attorney for removing parties